**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Ines Ruiz Rios**,<br>**Alba Garcia Herrera**,<br>**Reynaldo Hidalgo Diaz**,<br>**Lázaro Yunsier Lemus Cedeño**,<br>**Omar Mejia**,<br>**Gerardo Meza**,<br>**Walter Ulises Espinoza Rodriguez**,<br>**Alcides Rodriguez Rugama**, and<br>**Amara Abigail Terrazas Raya**,<br><br>                    Plaintiffs,<br><br>vs.<br><br>**Lux Interior and Renovation LLC**, an<br>Arizona limited liability company;<br>**Katisleidys Martinez and John Doe**<br>**Martinez**, a married couple, and **Julia**<br>**Martinez and John Doe Martinez II**, a<br>married couple,<br><br>                    Defendants. | No.<br><br>**COMPLAINT** |

        Plaintiffs, Ines Ruiz Rios, Alba Garcia Herrera, Reynaldo Hidalgo Diaz, Lázaro

Yunsier Lemus Cedeño, Omar Mejia, Walter Rodriguez, Alcides Rodriguez Rugama, and

Amara Abigail Terrazas Raya (collectively, "Plaintiffs"), sue the Defendants, Lux

Interior and Renovation LLC; Katisleidys Martinez and John Doe Martinez; and Julia Martinez and John Doe Martinez II ("Defendants" or "Lux") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid minimum and overtime wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8.

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3.      Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.      Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.      Plaintiffs bring this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.     This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8.     The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11.    At all times material to the matters alleged in this Complaint, Plaintiff Ines Ruiz Rios was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

12.    At all times material to the matters alleged in this Complaint, Plaintiff Alba Garcia Herrera was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

13.    At all times material to the matters alleged in this Complaint, Plaintiff Reynaldo Hidalgo Diaz was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

14.    At all times material to the matters alleged in this Complaint, Plaintiff Lázaro Yunsier Lemus Cedeño was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

15.    At all times material to the matters alleged in this Complaint, Plaintiff Omar Mejia was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

16.    At all times material to the matters alleged in this Complaint, Plaintiff Walter Rodriguez was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

17.    At all times material to the matters alleged in this Complaint, Plaintiff Alcides Rodriguez Rugama was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

18.     At all times material to the matters alleged in this Complaint, Plaintiff Amara Abigail Terrazas Raya was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

19.     At all material times, Defendant Lux Interior and Renovation LLC is a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Lux Interior and Renovation LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

20.     At all relevant times, Defendant Lux Interior and Renovation LLC owned and operated as "Lux Interior and Renovation LLC," an interior design and renovation company doing business in Maricopa County, Arizona.

21.     Under the FLSA, Defendant Lux Interior and Renovation LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Lux Interior and Renovation LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to Lux's employees, Defendant Lux Interior and Renovation LLC is subject to liability under the FLSA.

22.     Defendants Katisleidys Martinez and John Doe Martinez are, upon information and belief, husband and wife.  They have caused events to take place giving

rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Katisleidys Martinez and John Doe Martinez are owners of Lux and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

23.     Under the FLSA, Defendants Katisleidys Martinez and John Doe Martinez are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Katisleidys Martinez and John Doe Martinez had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  As persons who acted in the interest of Defendants in relation to Lux's employees, Defendants Katisleidys Martinez and John Doe Martinez are subject to individual liability under the FLSA.

24.     Defendants Julia Martinez and John Doe Martinez II are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Defendants Julia Martinez and John Doe Martinez II are owners of Lux and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

25.     Under the FLSA, Defendants Julia Martinez and John Doe Martinez II are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Julia Martinez and John Doe Martinez II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants. As persons who acted in the interest of Defendants in relation to Lux's employees, Defendants Julia Martinez and John Doe Martinez II are subject to individual liability under the FLSA.

26.   Plaintiffs are further informed, believes, and therefore allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

27.   Defendants, and each of them, are sued in both their individual and corporate capacities.

28.   Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

29.   At all relevant times, Plaintiffs were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

30.   The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

31.   At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

32.   The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

33.   At all relevant times, Plaintiffs were "employees" of Defendants as defined by A.R.S. § 23-362.

34.    At all relevant times, Defendants were and continue to be "employers" of Plaintiffs as defined by A.R.S. § 23-362.

35.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

36.    On information and belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

37.    At all relevant times, Plaintiffs, in their work for Defendants, was engaged in commerce or the production of goods for commerce.

38.    At all relevant times, Plaintiffs, in their work for Defendants, was engaged in interstate commerce.

39.    Plaintiffs, in their work for Defendant, regularly handled goods produced or transported in interstate commerce.

## **FACTUAL ALLEGATIONS**

40.    Defendants own and/or operate as Lux Interior and Renovation LLC, an interior design and renovation company doing business in Maricopa County, Arizona.

/ /

/ /

/ /

**Plaintiff Ines Ruiz Rios**:

41.    On or about July 12, 2023, Plaintiff Ines Ruiz Rios began working for Defendants as a crew supervisor.

42.    Plaintiff Ines Ruiz Rios was compensated, or supposed to be compensated, a daily rate of approximately $180 throughout her employment with Defendants, regardless of the number of hours she worked in a given workweek, and regardless of whether she worked in excess of 40 hours in a given workweek.

43.    Throughout her employment, Plaintiff Ines Ruiz Rios worked approximately 70 hours per week.

44.    Defendants paid no wages whatsoever to Plaintiff Ines Ruiz Rios from approximately July 17, 2023, through July 31, 2023.

45.    In a given workweek, and during each and every workweek, that Plaintiff Ines Ruiz Rios worked for Defendants, Defendants did not pay one and one-half times her regular rate of pay for time she worked in excess of 40 hours.

46.    As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Inez Ruis Rios minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

47.    On or about July 31, 2023, Defendants terminated Plaintiff Ines Ruiz Rios's employment.

48.    To date, Defendants have not paid Plaintiff Ines Ruiz Rios for such time worked, in violation of the FLSA, AMWA, and AWA.

**Plaintiff Alba Garcia Herrera**:

49.     On or about July 11, 2023, Plaintiff Alba Garcia Herrera began working for Defendants as a cleaning crew member.

50.     Plaintiff Alba Garcia Herrera was compensated, or supposed to be compensated, a daily rate of approximately $120 throughout her employment with Defendants, regardless of the number of hours she worked in a given workweek, and regardless of whether she worked in excess of 40 hours in a given workweek.

51.     Throughout her employment, Plaintiff Alba Garcia Herrera worked approximately 70 hours per week.

52.     Defendants paid no wages whatsoever to Plaintiff Alba Garcia Herrera from approximately July 11, 2023, through July 31, 2023.

53.     In a given workweek, and during each and every workweek, that Plaintiff Alba Garcia Herrera worked for Defendants, Defendants did not pay one and one-half times her regular rate of pay for time she worked in excess of 40 hours.

54.     As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Alba Garcia Herrera minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

55.     On or about July 31, 2023, Defendants terminated Plaintiff Alba Garcia Herrera's employment.

56.     To date, Defendants have not paid Plaintiff Alba Garcia Herrera for such time worked, in violation of the FLSA, AMWA, and AWA.

**Plaintiff Reynaldo Hidalgo Diaz**:

57.     On or about April 1, 2023, Plaintiff Reynaldo Hidalgo Diaz began working for Defendants as a manual laborer.

58.     Plaintiff Reynaldo Hidalgo Diaz was compensated, or supposed to be compensated, a daily rate of approximately $150 throughout his employment with Defendants, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

59.     Throughout his employment, Plaintiff Reynaldo Hidalgo Diaz worked approximately 70 hours per week.

60.     Defendants paid no wages whatsoever to Plaintiff Reynaldo Hidalgo Diaz from approximately July 17, 2023, through July 31, 2023.

61.     In a given workweek, and during each and every workweek, that Plaintiff Reynaldo Hidalgo Diaz worked for Defendants, Defendants did not pay one and one-half times his regular rate of pay for time he worked in excess of 40 hours.

62.     As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Reynaldo Hidalgo Diaz minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

63.     On or about July 31, 2023, Defendants terminated Plaintiff Reynaldo Hidalgo Diaz's employment.

64.     To date, Defendants have not paid Plaintiff Reynaldo Hidalgo Diaz for such time worked, in violation of the FLSA, AMWA, and AWA.

-11-

**Plaintiff Lázaro Yunsier Lemus Cedeño**:

65.     On or about July 12, 2023, Plaintiff Lázaro Yunsier Lemus Cedeño began working for Defendants as a manual laborer.

66.     Plaintiff Lázaro Yunsier Lemus Cedeño was compensated, or supposed to be compensated, a daily rate of approximately $150 throughout his employment with Defendants, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

67.     Throughout his employment, Plaintiff Lázaro Yunsier Lemus Cedeño worked approximately 50 hours per week.

68.     Defendants paid no wages whatsoever to Plaintiff Lázaro Yunsier Lemus Cedeño from approximately July 12, 2023, through July 31, 2023.

69.     In a given workweek, and during each and every workweek, that Plaintiff Lázaro Yunsier Lemus Cedeño worked for Defendants, Defendants did not pay one and one-half times his regular rate of pay for time he worked in excess of 40 hours.

70.     As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Lázaro Yunsier Lemus Cedeño minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

71.     On or about July 31, 2023, Defendants terminated Plaintiff Lázaro Yunsier Lemus Cedeño's employment.

72.     To date, Defendants have not paid Plaintiff Lázaro Yunsier Lemus Cedeño for such time worked, in violation of the FLSA, AMWA, and AWA.

**Plaintiff Omar Mejia**:

73.     On or about December 1, 2022, Plaintiff Omar Mejia began working for Defendants as a manual laborer.

74.     Plaintiff Omar Mejia was compensated, or supposed to be compensated, a weekly rate of approximately $1,000 throughout his employment with Defendants, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

75.     Throughout his employment, Plaintiff Omar Mejia generally worked between 50 and 80 hours per week.

76.     Defendants paid no wages whatsoever to Plaintiff Omar Mejia from approximately July 17, 2023, through July 31, 2023.

77.     In a given workweek, and during each and every workweek, that Plaintiff Reynaldo Omar Mejia worked for Defendants, Defendants did not pay one and one-half times his regular rate of pay for time he worked in excess of 40 hours.

78.     As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Omar Mejia minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

79.     On or about July 31, 2023, Defendants terminated Plaintiff Omar Mejia's employment.

80.     To date, Defendants have not paid Plaintiff Omar Mejia for such time worked, in violation of the FLSA, AMWA, and AWA.

-13-

**Plaintiff Gerardo Meza**:

81.     On or about July 10, 2023, Plaintiff Gerardo Meza began working for Defendants as a manual laborer.

82.     Plaintiff Gerardo Meza was compensated, or supposed to be compensated, a daily rate of approximately $120 throughout his employment with Defendants, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

83.     Throughout his employment, Plaintiff Gerardo Meza worked approximately 50 hours per week.

84.     Defendants paid no wages whatsoever to Gerardo Meza from approximately July 10, 2023, through July 31, 2023.

85.     In a given workweek, and during each and every workweek, that Plaintiff Gerardo Meza worked for Defendants, Defendants did not pay one and one-half times his regular rate of pay for time he worked in excess of 40 hours.

86.     As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Gerardo Meza minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

87.     On or about July 31, 2023, Defendants terminated Plaintiff Gerardo Meza's employment.

88.     To date, Defendants have not paid Plaintiff Gerardo Meza for such time worked, in violation of the FLSA, AMWA, and AWA.

**Plaintiff Walter Ulises Espinoza Rodriguez**:

89.     On or about June 1, 2023, Plaintiff Walter Ulises Espinoza Rodriguez began working for Defendants as a painter and manual laborer.

90.     Plaintiff Walter Ulises Espinoza Rodriguez was compensated, or supposed to be compensated, an hourly rate of approximately $15 throughout his employment with Defendants, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

91.     Throughout his employment, Plaintiff Walter Ulises Espinoza Rodriguez worked approximately between 50 and 70 hours per week.

92.     Defendants paid no wages whatsoever to Plaintiff Walter Ulises Espinoza Rodriguez from approximately July 10, 2023, through July 31, 2023.

93.     In a given workweek, and during each and every workweek, that Plaintiff Walter Ulises Espinoza Rodriguez worked for Defendants, Defendants did not pay one and one-half times his regular rate of pay for time he worked in excess of 40 hours.

94.     As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Walter Ulises Espinoza Rodriguez minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

95.     On or about July 31, 2023, Defendants terminated Plaintiff Walter Ulises Espinoza Rodriguez's employment.

96.     To date, Defendants have not paid Plaintiff Walter Ulises Espinoza Rodriguez for such time worked, in violation of the FLSA, AMWA, and AWA.

**Plaintiff Alcides Rodriguez Rugama**:

97.     On or about April 1, 2023, Plaintiff Alcides Rodriguez Rugama began working for Defendants as an electrician and manual laborer.

98.     Plaintiff Alcides Rodriguez Rugama was compensated, or supposed to be compensated, an hourly rate of approximately $17 throughout his employment with Defendants, regardless of the number of hours he worked in a given workweek, and regardless of whether he worked in excess of 40 hours in a given workweek.

99.     Throughout his employment, Plaintiff Alcides Rodriguez Rugama worked approximately between 50 and 70 hours per week.

100.    Defendants paid no wages whatsoever to Plaintiff Walter Ulises Espinoza Rodriguez from approximately July 17, 2023, through July 31, 2023.

101.    In a given workweek, and during each and every workweek, that Plaintiff Alcides Rodriguez Rugama worked for Defendants, Defendants did not pay one and one-half times his regular rate of pay for time he worked in excess of 40 hours.

102.    As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Alcides Rodriguez Rugama minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

103.    On or about July 31, 2023, Defendants terminated Plaintiff Alcides Rodriguez Rugama's employment.

104.    To date, Defendants have not paid Plaintiff Alcides Rodriguez Rugama for such time worked, in violation of the FLSA, AMWA, and AWA.

**Plaintiff Amara Abigail Terrazas Raya**:

105.    On or about July 9, 2023, Plaintiff Amara Abigail Terrazas Raya began working for Defendants as a cleaning crew member.

106.    Plaintiff Amara Abigail Terrazas Raya was compensated, or supposed to be compensated, a daily rate of approximately $120 throughout her employment with Defendants, regardless of the number of hours she worked in a given workweek, and regardless of whether she worked in excess of 40 hours in a given workweek.

107.    Throughout her employment, Plaintiff Amara Abigail Terrazas Raya worked approximately 70 hours per week.

108.    Defendants paid no wages whatsoever to Plaintiff Amara Abigail Terrazas Raya from approximately July 9, 2023, through July 31, 2023.

109.    In a given workweek, and during each and every workweek, that Plaintiff Amara Abigail Terrazas Raya worked for Defendants, Defendants did not pay one and one-half times her regular rate of pay for time she worked in excess of 40 hours.

110.    As a result of failing to pay any wages whatsoever for such time worked, Defendants did not pay Plaintiff Amara Abigail Terrazas Raya minimum wage or overtime as required by the FLSA, minimum wage as required by the AMWA, or wages due and owing as required by the AWA.

111.    On or about July 31, 2023, Defendants terminated Plaintiff Amara Abigail Terrazas Raya's employment.

112.    To date, Defendants have not paid Plaintiff Amara Abigail Terrazas Raya for such time worked, in violation of the FLSA, AMWA, and AWA.

113.    Rather than classify Plaintiffs as employees, Defendants classified them as independent contractors.

114.    Despite Defendants having misclassified Plaintiffs as independent contractors, Plaintiffs were actually employees, as defined by the FLSA, 29 U.S.C. § 201 et seq.

115.    Defendants controlled Plaintiffs' schedules.

116.    At all relevant times, Plaintiffs were economically dependent on Defendants.

117.    The following further demonstrate that Plaintiffs were employees:

     a.    Defendants had the exclusive right to hire and fire Plaintiffs;

     b.    Defendants set Plaintiffs' work schedules;

     c.    Defendants set Plaintiffs' rates of pay;

     d.    Defendants supervised Plaintiffs and subjected them to Defendants' rules;

     e.    Plaintiffs had no opportunity for profit or loss in the business;

     f.    The services rendered by Plaintiffs in their work for Defendants was integral to Defendants' business;

     g.    Plaintiffs were hired to work a non-specific duration for Defendants;

     h.    Plaintiffs had no right to refuse work assigned to them by Defendants;

118.    At all relevant times, Plaintiffs were never paid any wages whatsoever for the approximately final two to four workweeks of their respective employments with Defendants.

119.    As a result of failing to pay Plaintiffs any wages whatsoever for such time, Defendants failed to compensate Plaintiffs at least the statutory minimum wage for all hours worked in their final two to four workweeks.

120.    As a result of Defendants' failure to compensate Plaintiffs at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

121.    As a result of Defendants' failure to compensate Plaintiffs at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

122.    As a result of Defendants' failure to compensate Plaintiffs all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

123.    Plaintiffs generally worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during their employment with Defendants.

124.    At all relevant times, Defendants did not pay Plaintiffs one and one-half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

125.    Such policy and practice of Defendants violated the FLSA, 29 U.S.C. § 207(a).

126.    To date, Defendants still have paid none of the wages due and owing to Plaintiffs.

127.    At all relevant times, in their work for Defendants, Plaintiffs were non-exempt employees.

128.    Throughout the duration of Plaintiffs' employment, Defendants failed to properly compensate Plaintiffs for their overtime hours.

129.    Defendants' failure to pay Plaintiffs one and one-half times their regular rates of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

130.    Defendants refused and/or failed to properly disclose to or apprise Plaintiffs of their rights under the FLSA.

131.    Plaintiffs are covered employees within the meaning of the FLSA.

132.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

133.    Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid minimum and overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

134.    Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

135.    Due to Defendants' illegal wage practices, Plaintiffs are entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

136.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

137.    Plaintiffs were non-exempt employees entitled to statutorily mandated overtime wages.

138.    In a given workweek, Defendants failed to pay one and one-half times Plaintiffs' regular rates of pay for all hours worked in excess of 40 hours in a given workweek.

139.    As a result of Defendants' failure to pay Plaintiffs one and one-half times the regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiffs the applicable overtime rate for all hours worked for the duration of their employment, in violation of 29 U.S.C. § 207.

140.    As a result of Defendants' failure to compensate Plaintiffs the applicable overtime rate for all hours worked, Defendants violated the FLSA.

141.    As such, the full applicable overtime rate is owed for all hours that Plaintiffs worked in excess of 40 hours per week.

142.    Defendants have and continue to violate the FLSA by not paying Plaintiffs a wage equal to one- and one-half times the applicable regular rate of pay for all time Plaintiffs spent working for Defendants.

143.    Plaintiffs are therefore entitled to compensation one and one-half times their regular rates of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiffs, Ines Ruiz Rios, Alba Garcia Herrera, Reynaldo Hidalgo Diaz, Lázaro Yunsier Lemus Cedeño, Omar Mejia, Gerardo Meza, Jimmy Mohammed, Walter Rodriguez, Alcides Rodriguez Rugama, and Amara Abigail Terrazas Raya, respectfully request that this Court grant the following relief in Plaintiffs' favors, and against Defendants:

A.    For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B.    For the Court to award Plaintiffs' unpaid overtime wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

144.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

145.    As a result of failing to compensate Plaintiffs any wages whatsoever for the final approximately two to four workweeks of their employment with Defendants, Defendants failed or refused to pay Plaintiffs the FLSA-mandated minimum wage.

146.    As a result of Defendants' failure to pay Plaintiffs any wage whatsoever for such time worked, Defendants failed and/or refused to pay Plaintiffs the applicable minimum wage for all hours worked for the duration of their employment, in violation of 29 U.S.C. § 206.

147.    Defendants' practice of failing or refusing to pay Plaintiffs at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

148.    Plaintiffs are therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Ines Ruiz Rios, Alba Garcia Herrera, Reynaldo Hidalgo Diaz, Lázaro Yunsier Lemus Cedeño, Omar Mejia, Gerardo Meza, Jimmy

Mohammed, Walter Rodriguez, Alcides Rodriguez Rugama, and Amara Abigail Terrazas Raya, respectfully requests that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

    A.    For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

    B.    For the Court to award Plaintiffs' unpaid minimum wage damages, to be determined at trial;

    C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

    D.    For the Court to award prejudgment and post-judgment interest;

    E.    For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

    F.    Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA MINIMUM WAGE ACT**
**FAILURE TO PAY MINIMUM WAGE**

149.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

150.    As a result of failing to compensate Plaintiffs any wages whatsoever for the final workweek of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona-mandated minimum wage.

151.   As a result of failing to compensate Plaintiff any wages whatsoever for such time, Defendants failed and/or refused to pay Plaintiff the applicable minimum wage for all hours worked for the duration of his employment, in violation of A.R.S. § 23-363.

152.   Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

153.   Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiffs, Ines Ruiz Rios, Alba Garcia Herrera, Reynaldo Hidalgo Diaz, Lázaro Yunsier Lemus Cedeño, Omar Mejia, Gerardo Meza, Jimmy Mohammed, Walter Rodriguez, Alcides Rodriguez Rugama, and Amara Abigail Terrazas Raya, respectfully request that this Court grant the following relief in Plaintiffs' favor, and against Defendants:

A.   For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.   For the Court to award Plaintiffs' unpaid minimum wage damages, to be determined at trial;

C.   For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

**COUNT FOUR: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANT CONSTRUCTION CLEANING PROS AZ, LLC, ONLY**

154.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155.    As a result of the allegations contained herein, Defendant Lux Interior and Renovation LLC did not compensate Plaintiffs wages due and owing to them.

156.    Defendant Lux Interior and Renovation LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

157.    Defendant Lux Interior and Renovation LLC acted unreasonably and in bad faith in failing to pay Plaintiffs the wages due and owing them.

158.    Defendant Lux Interior and Renovation LLC sought to delay payment without reasonable justification and to defraud Plaintiffs of wages earned.

159.    As such, unpaid wages for such time Plaintiffs worked are owed to Plaintiffs by Defendant Lux Interior and Renovation LLC.

160.    Plaintiffs are therefore entitled to compensation for their unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of their unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiffs, Ines Ruiz Rios, Alba Garcia Herrera, Reynaldo Hidalgo Diaz, Lázaro Yunsier Lemus Cedeño, Omar Mejia, Gerardo Meza, Jimmy Mohammed, Walter Rodriguez, Alcides Rodriguez Rugama, and Amara Abigail Terrazas Raya, requests that this Court grant the following relief in Plaintiffs' favor, and against Defendant Lux Interior and Renovation LLC:

A.    For the Court to declare and find that the Defendant Lux Interior and Renovation LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiffs;

B.    For the Court to award an amount that is treble Plaintiffs' unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 18th day of August, 2023.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiffs*

-27-