WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ines Ruiz Rios, et al., | No. CV-23-01686-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Lux Interior and Renovation LLC, et al., | |
| Defendants. | |

Before the Court is a Motion for Alternative Service (Doc. 6) filed by Plaintiffs Ines Ruiz Rios, Alba Garcia Herrera, Reynaldo Hidalgo Diaz, Lázaro Yunsier Lemus Cedeño, Omar Mejia, Walter Rodriguez, Alcides Rodriguez Rugama, and Amara Abigail Terrazas Raya (collectively "Plaintiffs"). Invoking Federal Rule of Civil Procedure 4(e)(1) and Arizona Rule of Civil Procedure 4.1(k), Plaintiffs seek to serve Defendants Katisleidys and John Doe Martinez, Julia and John Doe Martinez (the "Martinez Defendants"), and Lux Interior and Renovation LLC ("Lux Interior") (collectively "Defendants") via regular U.S. Mail and Certified U.S. Mail to Defendants' last known addresses. (*Id*. at 1–2). The Court grants Plaintiffs' Motion because Plaintiffs have sufficiently shown that traditional means of service is impractical.

**I.     Background**

Plaintiffs allege the Martinez Defendants own Lux Interior. (Doc. 1 at ¶ 22, 24). Plaintiffs identify two relevant addresses. First, Plaintiffs represent 19606 W. Marshall Ave., Litchfield Park, AZ 85340 is the address at which (1) Lux Interior lists Defendant

Katisleidys Martinez as its statutory agent to be contacted and (2) the Martinez Defendants allegedly own. (Doc. 6 at 1–2). Second, Plaintiff represents 3800 N. El Mirage, Apt. 5511, Avondale, AZ 85293 is the address at which the Martinez Defendants allegedly rent. (*Id*. at 2). Plaintiffs' efforts to effectuate service are as follows:

- On August 25, 2023, Plaintiffs' process server attempted service at 9606 W. Marshall Ave., Litchfield Park, AZ 85340, where he was notified that the Martinez Defendants do not live there but rent the house to tenants. (Doc. 6-1 at 1–2).

- On August 25, August 28, and September 11, 2023, Plaintiffs' process server attempted service at 3800 N. El Mirage, Apt. 5511, Avondale, AZ 85293 but there was no answer. (*Id*. at 2–3).

- On September 12, 2023, Plaintiffs' process server contacted via text the phone number allegedly belonging to Defendant Katisleidys Martinez, to which the number responded that the process server "had the wrong number." (*Id*. at 4–5)

- On or about August 25, 2023, Plaintiffs' Counsel contacted via phone call the phone number allegedly belonging to Defendant Katisleidys Martinez. (Doc. 6 at 3). Defendant Katisleidys Martinez answered and stated that "she and her company were likely going to file bankruptcy and that the employees at issue in this lawsuit would be paid." Defendant Katisleidys Martinez declined to accept or waive service. (*Id*.)

Due to these unsuccessful efforts, Plaintiffs now seek to serve Defendants by U.S. Mail. (*See generally* Doc. 6).

**II.   Discussion**

The Court must determine whether service by alternative means is warranted under Federal Rule 4(e)(1)[1] and Arizona Rule 4.1(k).[2] Federal Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is

---

[1] Unless where otherwise noted, all Federal Rule references are to the Federal Rules of Civil Procedure.

[2] Unless where otherwise noted, all Arizona Rule references are to the Arizona Rules of Civil Procedure.

- 2 -

made[.]" Fed. R. Civ. P. 4(e)(1). In turn, Arizona Rule 4.1(k) authorizes alternative means of service 'within Arizona' and provides the following procedure:

(1) [] If a party shows that the means of service provided in Rule 4.1(c) through Rule 4.1(j) are *impracticable*, the court may-on motion and without notice to the person to be served-order that service may be accomplished in another manner.

(2) Notice and Mailing. If the court allows an alternative means of service, the serving party must make a reasonable effort to provide the person being served with actual notice of the action's commencement. In any event, the serving party must mail the summons, the pleading being served, and any court order authorizing an alternative means of service to the last-known business or residential address of the person being served.

Ariz. R. Civ. P. 4.1(k)(1)–(2) (emphasis added). The impracticable standard "does not mean impossible, but rather that service would be 'extremely difficult or inconvenient.' This standard requires something less than the 'due diligence' showing required before service by publication may be utilized." *Bank of N.Y. Mellon v. Dodev*, 433 P.3d 549, 558 (Ariz. Ct. App. 2018) (internal citations omitted) (finding alternative service was warranted when the plaintiff experienced five failed attempts at physical service); *Blair v. Burgener*, 245 P.3d 898, 903 (Ariz. Ct. App. 2010) (finding alternative service was warranted when the plaintiff experienced five failed attempts at physical service and other failed efforts to locate the defendant at work); *Sobh v. Phoenix Graphix Inc.*, 2019 WL 8326075, at *2 (D. Ariz. Jan. 10, 2019) (finding alternative service was warranted when the plaintiff experienced four failed attempts at physical service and other failed efforts to enter the defendant's residential community).

Here, Plaintiffs have made four separate attempts to physically serve Defendants at two different Arizona addresses to no avail. (Doc. 6-1 at 1–3). Plaintiffs have also attempted to contact the Martinez Defendants by phone, where Defendant Katisleidys Martinez declined to accept or waive service. (Doc. 6 at 3). These circumstances support a finding that service would be "extremely difficult or inconvenient" and merits

alternative service under Arizona Rule 4.1.  *See Dodev*, 433 P.3d at 558; *Blair*, 245 P.3d at 903; *Sobh*, 2019 WL 8326075, at *2.  Furthermore, Plaintiffs' proposal to serve Defendants by sending a copy of the Summons, Complaint, and this Order via regular U.S. Mail and Certified U.S. Mail to 19606 W. Marshall Ave., Litchfield Park, AZ; and 3800 N. El Mirage, Apt. 5511, Avondale, AZ 85293 complies with the mailing requirements under Arizona Rule 4.1(k)(2) and constitutes reasonable efforts to provide Defendant Rudy Chacon with actual notice of this action.[3]  *See* Ariz. R. Civ. P. 4.1(k)(2).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Alternative Service (Doc. 6) is **GRANTED.**

**IT IS FURTHER ORDERED** that to serve Defendants under Arizona Rule of Civil Procedure 4.1(k), Plaintiffs shall send a copy of the Summons, Complaint, and this Order via regular U.S. Mail and Certified U.S. Mail to 19606 W. Marshall Ave., Litchfield Park, AZ; and 3800 N. El Mirage, Apt. 5511, Avondale, AZ 85293.

Dated this 28th day of September, 2023.

Honorable Diane J. Humetewa
United States District Judge

---

[3] To comport with constitutional notions of due process "service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, (1950)).