**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ines Ruiz Rios, et al., | No. CV-23-01686-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Lux Interior and Renovation LLC, et al., | |
| Defendants. | |

At issue is Plaintiffs' Motion for Entry of Default Judgment against Defendants. (Doc. 22). Defendants did not file a response. For the reasons set forth below, the Court finds that default judgment against Defendants is warranted.

## I.    Background

Plaintiffs Ines Ruiz Rios, Alba Garcia Herrera, Reynaldo Hidalogo Diaz, Lazaro Yusnier Lemus Cedeno, Omar Mejia, Gerardo Meza, Walter Rodriguez, Alcides Rodriguez Rugama, and Amara Abigail Terrazas Raya ("Plaintiffs") filed a Complaint on August 18, 2023, against their former employers, Lux Interior and Renovation LLC, Katisleidys Martinez, John Doe Martinez, Julia Martinez, and John Doe Martinez II ("Defendants"). (Doc. 1). The Complaint alleges claims under the Fair Labor Standards Act ("FLSA") for unpaid overtime and minimum wages and the Arizona Minimum Wage Act ("AMWA") for unpaid minimum wages and unpaid wages. (*Id.*) An additional claim under the Arizona Wage Act ("AWA") is also pled. (*Id.*) Plaintiffs served process on Defendants via alternative service on October 19, 2023. (Docs. 9–12). Defendants failed

to answer or otherwise respond, and the Clerk of Court entered default against all Defendants on November 7, 2023.  (Doc. 15).  Plaintiffs then filed the present Motion for Entry of Default Judgment on March 11, 2024, and Defendants have not responded.  (Doc. 22).  Plaintiffs also request that the Court allow them to recover attorney fees and costs.  (Doc. 22 at 24).

## II.    Default Judgment

After the Clerk of Court enters default, the Court may enter default judgment pursuant to Rule 55(b).  The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In deciding whether default judgment is warranted, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  When considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Having reviewed the Complaint and the default judgment motion, the Courts finds that the *Eitel* factors weigh in favor of default judgment as to the FLSA,  AMWA, and AWA claims.

### A.    The Possibility of Prejudice

The first *Eitel* factor weighs in favor of default judgment. *Eitel*, 782 F.2d at 1471. Defendants failed to respond to the Complaint or otherwise appear in this action despite being served by Plaintiffs.  (Docs. 8–12).  Moreover, by failing to answer, Defendants are deemed to have admitted the truth of those statements.  *See* Fed. R. Civ. P. 8(d) ("Averments in a pleading to which a responsive pleading is required, other than those as

to the amount of damage, are admitted when not denied in the responsive pleading"). The Court is satisfied that if the Motion is not granted, Plaintiffs "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor supports the entry of default judgment.

### B.    Merits of the Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment where the complaint sufficiently states a plausible claim for relief under the Rule 8 pleading standards. *PepsiCo, Inc.*, 238 F. Supp 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). These two factors should be considered in tandem and are interrelated. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). Plaintiff brings claims under the FLSA and state-law claims under the AMWA and AWA.

### 1. FLSA Claims

Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA requires employers to pay non-exempt workers a minimum wage for any time spent working during the workweek. 29 U.S.C. § 206(a). Also, among the FLSA's central provisions is its requirement that employers pay non-exempted workers at one and a half times the regular rate for any time worked in excess of forty hours in a single week. 29 U.S.C. § 207; *see Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1042 (2016). In order to state a claim for unpaid wages under the FLSA, a Plaintiff must "allege facts showing that there was a given week in which he was entitled to but denied minimum wages [.]" *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014).

As mentioned, Plaintiffs allege that Defendants failed to pay them for several workweeks and for overtime pay as required under the FLSA. (Doc. 1 at 21–22). Plaintiff Ines Ruiz Rios alleges that she worked approximately 70 hours a week during the course of her employment but was never paid overtime. (Doc. 1 at ¶¶ 42–45). The same is true for Plaintiff Reynaldo Hidalgo Diaz who also worked approximately 70

hours a week but was paid a flat rate regardless of how many hours he worked.  (Doc. 1 at ¶¶ 58–61).  The pattern was repeated for Plaintiffs Lazaro Yunsier Lemus Cedeno, Omar Mejia, Gerardo Meza, Walter Ulises Espinoza Rodriguez, Alcides Rodriguez Rugama, and Amara Abigail Terrazas Raya.  (Doc. 1 at ¶¶ 66–67, 74–75, 82–83, 90–91, 98–99, 106–107).  Because the well-pled factual allegations of the complaint are deemed true upon default, Plaintiffs have shown that Defendants violated the FLSA.  *See Geddes v. United Fin. Grp*., 559 F.2d 557, 560 (9th Cir. 1977) (stating that allegations in the complaint, except those related to damages, are taken as true for a default).

### 2.  AMWA Claims

The AMWA provides the minimum wage under Arizona law. A.R.S. § 23-363. The AMWA mandates that "Any employer who fails to pay the wages ... required ... shall be required to pay the employee the balance of the wages ... owed, including interest thereon, and an additional amount equal to twice the underpaid wages[.]" A.R.S. § 23-364.  Like the FLSA, the AMWA defines an "employee" as "any person who is or was employed by an employer[.]" A.R.S. § 23-362(A).  The AMWA defines "employer" to "include[ ] any corporation, proprietorship, partnership, joint venture, limited liability company, trust, association, political subdivision of the state, individual or other entity acting directly or indirectly in the interest of an employer in relation to an employee[.]" A.R.S. § 23-362(B).  For purposes of the AMWA, the facts alleged by Plaintiffs show that they were employed by Defendants and worked for Defendants without pay. (Doc. 1 at ¶¶ 54, 62, 70, 78, 86, 94, 102, 110).    Accepting the allegations in the Complaint as true, the Court finds that Defendants violated the AMWA.

### 3. AMA Claims

The AWA requires "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). The AWA further provides that any employer who "fails to pay wages due any employee" may be subject to recovery by the employee of "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A).  Similar to the FLSA and AMWA, the AWA

defines "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The AWA defines "employer" to mean "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). "This statutory definition does not ... authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). As with the AMWA, Plaintiffs have plausibly pled a violation under the AMA. (Doc. 1 at ¶¶ 54, 62, 70, 78, 86, 94, 102, 110).

### C.     The Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *Eitel*, 782 F.2d at 1471–72. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). Here, Plaintiffs seek damages in reference to Defendants' violations of state and federal law under the FLSA, AMWA, and AMA are serious enough to justify default judgment.

### D.     Possible Dispute Concerning Material Facts

The fifth *Eitel* factor contemplates the possibility of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471. Upon entry of default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citations omitted). The Defendants have had more than an ample amount of time to defend against Plaintiffs' claims yet have failed to do so. There are no disputed issues of material fact which would preclude default judgment. *PepsiCo*, 238 F. Supp. 2d at 1177. This factor

1    weighs in favor of default judgment.

2        **E.    Whether Default was Due to Excusable Neglect**

3        The sixth *Eitel* factor considers whether the default was due to excusable neglect.

4    *Eitel*, 782 F.2d at 1471. Plaintiff properly served Defendants with the summons and

5    complaint. (Docs. 9,10, 11, and 12). It therefore is unlikely that Defendants' failure to

6    answer and the resulting default were due to excusable neglect. *Gemmel v. Systemhouse,*

7    *Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). This

8    *Eitel* factor also weighs in favor of default judgment.

9        **F.    The Policy Favoring a Decision on the Merits**

10        The last factor usually weighs against default judgment given that cases "should

11    be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The

12    mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is

13    not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. Rule 55(a), Federal Rules of Civil

14    Procedure, specifically contemplates "termination of a case before hearing the merits . . .

15    whenever a defendant fails to defend an action." *PepsiCo, Inc. v. California Security*

16    *Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Thus, despite the strong public policy

17    in favor of decisions on the merits, cases such as this make "a decision on the merits

18    impractical, if not impossible." *Id.* The Court finds that this factor does not outweigh the

19    other *Eitel* factors discussed above. *See Tolano v. El Rio Bakery*, No. CV-18-00125-

20    TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019).

21    **III.    Conclusion**

22        After consideration of the *Eitel* factors, the Court finds it appropriate to grant

23    default judgment.

24    **IV.    Damages**

25        Unlike the factual allegations of the Complaint, allegations regarding the amount

26    of damages are not taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th

27    Cir. 1977). "A default judgment may be entered without a hearing on damages when the

28    amount claimed is capable of ascertainment from definite figures contained in the

- 6 -

documentary evidence or in detailed affidavits." *Taylor Made Golf Co. v. Carsten Sports, Ltd.*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Plaintiff bears the burden of "proving up" damages; however, "if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default." *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing *Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267 (9th Cir. 1992)). Further, courts in the District of Arizona routinely conclude that plaintiffs bringing FLSA, AMWA, and AWA claims are "entitled only to the maximum amount of damages under either the state or federal statutes." *Xalamihua v. GGC Legacy Janitorial Servs. LLC*, 2023 WL 8891393, *6 (D. Ariz. 2023). *Cf. Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("[C]ourts can and should preclude double recovery by an individual.").

### A. FLSA Damages

All Plaintiffs bring claims for damages under the FLSA, AMWA, and the AWA. (Doc. 1 at ¶¶ 139, 147, 152, 156).

The FLSA requires employers to pay minimum wages to nonexempt, i.e., hourly employees. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 894 (7th Cir. 2018) (citing 29 U.S.C. §§ 206–07). The FLSA's minimum wage provision entitles employees to a wage "not less than $7.25 an hour." 29 U.S.C. § 206(a). To state a plausible minimum wage claim under the FLSA, a plaintiff must allege that his weekly wages fall below the statutory minimum. *Heck v. Heavenly Couture, Inc.*, No. 3:17-CV-0168-CAB-NLS, 2017 WL 4476999, at *4 (S.D. Cal. Oct. 6, 2017); *see also Alvarez v. IBP, Inc.*, 339 F.3d 894, 914-15 (9th Cir. 2003) (cleaned up) ("We have approved approximated awards where plaintiffs can establish, to an imperfect degree of certainty, that they have performed work and have not been paid in accordance with the FLSA.").

### a. **Plaintiff Ines Ruiz Rios**

Plaintiff alleges that Defendants hired her to work as a crew supervisor from about

July 12, 2023, through about July 31, 2023.  (Doc. 22 at 5).  She alleges that she agreed to work for $180.00 per day, regardless of how many hours she worked and that she worked three weeks before Defendants terminated her employment.  (*Id.*) Plaintiff calculates that she worked approximately 70 hours per week, resulting in 90 total overtime hours during the course of her three-week employment. (*Id.*) She says she was not paid any overtime, nor was she paid at all during her final two weeks of employment. During her final two work weeks, she worked six days a week, in what amounts to 140 hours total.  With the federal minimum wage set at $7.25 an hour, and Plaintiff working 140 unpaid hours, that comes out to $1,105.00 (140 x $7.25).  She also states that she worked overtime because she worked 70 hours for each of the three weeks she worked for Defendants.  (Doc. 22 at 6).  Her unpaid overtime damages are as follows: her overtime rate would be $15.43 per hour, calculated by dividing $1,080 per week by 70. One-half of her regular rate of pay is $7.72 per hour and if she worked 90 hours more than the allotted 40 a week, she is owed $694.80 ($7.72 x 90).  In total, her damages under the FLSA come out to $1,709.80.  Plaintiff has also asked this Court to grant her liquidated damages under 29 U.S.C. § 216(b).[1]  Doubling the amount of the FLSA damages, results in Plaintiff being eligible to receive double the amount of $1,709.80, which is $3,419.60.  Plaintiff has adequately stated a claim under the FLSA, and she is eligible to receive $3,419.60, which includes the liquidates damages allowed under the statute as well.

**b.  <u>Plaintiff Alba Garcia Herrera</u>**

Plaintiff alleges she worked the entire course of her three-week employment without pay.  (Doc. 22 at 7). She had agreed to work for Defendants as a crew member from July 11, 2023, through about July 31, 2023, and her agreed upon rate was $120.00 per day, regardless of actual hours worked.  (*Id.*) Plaintiff calculates that she worked approximately 70 hours per week and 90 total overtime hours.  (*Id.*) According to Plaintiff, she did not receive overtime for the hours she worked in excess of the usual 40-

- 8 -

hour workweek. (*Id.*) Her total damages calculations for the FLSA are $2,146.20 ($7.25 x 210) for the hours during the three-week period that she worked without pay, in addition to the overtime hours and overtime rate of pay (90 x $6.93). (*Id.*) Plaintiff has adequately stated a claim under the FLSA, and she is eligible to receive $2,146.20. Adding in liquidated damages as authorized by statute, she is eligible to receive $4,292.40 ($2,146.20 x 2). (Doc. 22 at 22).

c. **Plaintiff Reynaldo Hidaldo Diaz**

Plaintiff alleges he worked for Defendants as a manual laborer from about April 1, 2023, through about July 31, 2023. (Doc. 22 at 8). He states he worked for approximately six days a week and 70 hours each week during the course of his employment, which lasted for about 17 workweeks. (*Id.*) His agreed upon daily rate was $150.00 per day. (*Id.*) He states he was not paid any wages during his last two weeks and that he worked approximately 510 hours of overtime, without overtime pay. (*Id.*) He calculates his FLSA damages as $4,549.80 in total ($7.25 x 140), which comes out to $1.105.00 plus the overtime wage calculation of 510 hours times $6.93, which comes out to an additional $3, 534.30. (*Id.*) Doubling the amount of damages as authorized by statute, Plaintiff is entitled to $9,098.60 for total FLSA damages.

d. **Plaintiff Lazaro Yusnier Lemus Cedeno**

Plaintiff alleges he worked for Defendants as a manual laborer from about July 12, 2023, through about July 31, 2023. (Doc. 22 at 10). He agreed to work for $150.00 per day regardless of the amount of hours and he worked approximately six days per week. (*Id.*) His workweek usually consisted of 70 hours per week, and he states he was not paid any wages for three of his workweeks and no overtime pay for the 90 total overtime hours. (*Id.*) His unpaid federal minimum wage is calculated as follows: $7.25 x 210, which amounts to $1,522.50, plus an additional $623.70, totaling $2, 146.20. With double damages allowed under the FLSA, the total that Plaintiff is entitled to is $4,292.40.

/ / /

### e.  **Plaintiff Omar Mejia**

Plaintiff asserts he worked for Defendants as a manual laborer from about December 1, 2022, through July 31, 2023.  (Doc. 22 at 11). He agreed to work for $1,000 per week, six days a week, 70 hours weekly, and did that for a total of 34 workweeks. (*Id.*) Plaintiff also alleges that he worked a total of 1,020 overtime hours during the course of his employment and was not paid for the overtime, or for his last two workweeks with Defendants.  (*Id.*) Plaintiff's total FLSA damages come out to $8,297.80.  Of that amount, $1,015 is for his last two workweeks without pay ($7.25 x 140 hours).  The additional $7,282.80 is for the overtime he amassed during the course of his employment ($7.14 x 1,020 hours). Doubling his damages, he is entitled to a total of $16,595.60.

### f.  **Plaintiff Gerardo Meza**

Plaintiff asserts he worked for Defendants as a cleaning crew member from about July 10, 2023, through July 31, 2023.  (Doc. 22 at 13).  He agreed to work for $120.00 per day, six days a week, 70 hours weekly, and did that for a total of three workweeks. (*Id.*) Plaintiff also alleges that he worked a total of 90 overtime hours during the course of his employment and was not paid for the overtime, or for his entire three workweeks with Defendants.  (*Id.*) Plaintiff's total FLSA damages come out to $2,146.20.   Of that amount, $1,522.50 is for the three workweeks he worked without pay ($7.25 x 210 hours).  The additional $623.70 is for the overtime he amassed during the course of his employment ($6.93 x 90 hours). Doubling his damages, he is entitled to a total of $4,292.40.

### g.  **Plaintiff Walter Ulises Espinoza Rodriguez**

Plaintiff asserts he worked for Defendants as a painter and manual laborer from about June 1, 2023, through July 31, 2023.  (Doc. 22 at 14).  He agreed to work for $15.00 per hour, approximately 60 hours weekly, and did that for a total of eight workweeks.  (*Id.*) Plaintiff also alleges that he worked a total of 160 overtime hours during the course of his employment and was not paid for the overtime, or for his last

three workweeks with Defendants.  (*Id.*) Plaintiff's total FLSA damages come out to $2,505.00.  Of that amount, $1,305.00 is for the three workweeks he worked without pay ($7.25 x 180 hours).  The additional $1200.00 is for the overtime he amassed during the course of his employment ($7.50 x 160 hours). Doubling his damages, he is entitled to a total of $5,010.00.

### h.   Plaintiff Alcides Rodriguez Rugama

Plaintiff asserts he worked for Defendants as an electrician and manual laborer from about April 1, 2023, through July 31, 2023.  (Doc. 22 at 16).  He agreed to work for $17.00 per hour, approximately 60 hours weekly, and did that for a total of seventeen workweeks.  (*Id.*) Plaintiff also alleges that he worked a total of 340 overtime hours during the course of his employment and was not paid for the overtime, or for his last two workweeks with Defendants.   (*Id.*) Plaintiff's total FLSA damages come out to $3,760.00.  Of that amount, $870.00 is for the two workweeks he worked without pay ($7.25 x 120 hours).  The additional $2,890.00 is for the overtime he amassed during the course of his employment ($8.50 x 340 hours). Doubling his damages, he is entitled to a total of $7,520.00.

### i.   Plaintiff Amara Abigail Terrazas Raya

Plaintiff asserts she worked for Defendants as a cleaning crew member from about July 9, 2023, through July 31, 2023.  (Doc. 22 at 17).  She agreed to work for $120.00 per day, approximately 70 hours weekly, six days a week and did that for a total of three workweeks.  (*Id.*) Plaintiff also alleges that she worked a total of 90 overtime hours during the course of her employment and was not paid for the overtime, or for the entirety of the three workweeks she worked for Defendants.  (*Id.*) Plaintiff's total FLSA damages come out to $2,146.20.  Of that amount, $1,522.50 is for the three workweeks she worked without pay ($7.25 x 210 hours).  The additional $623.70 is for the overtime she amassed during his employment ($6.93 x 90 hours).  Doubling her damages, she is entitled to a total of $4,292.40.

/ / /

### B. AMWA Damages

The AMWA is a state minimum wage statute that requires Arizona employees to be paid no less than $12.00 per hour in addition to yearly cost of living adjustments, beginning on or after January 1, 2021.  A.R.S. § 23-363(B*); Peralta v. Custom Image Pros LLC, et al.*, No. CV-23-00358-PHX-JAT, 2023 WL 8455120, at *3 (D. Ariz. Dec. 6, 2023).  To state claim under the AMWA, a plaintiff must allege that he was not paid the applicable minimum wage for the hours he worked.  *Coe v. Hirsch, et al.*, No. CV-21-00478-PHX-SMM (MTM), 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021).

#### a.  __Plaintiff Ines Ruiz Rios__

Plaintiff alleges that she worked for two weeks without pay.  (Doc. 22 at 5–6).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 140 hours she worked unpaid, the total amount owed to her under the AMWA is $1,939.00 (140 x $13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring her total damages to $5,817.00 ($1,939.00 x 3).  The Plaintiff has established a claim under AMWA and has shown that she is entitled to a $5,817.00 damage award under the AMWA.

#### b.  __Plaintiff Alba Garcia Herrera__

Plaintiff alleges that she worked for three weeks without pay.  (Doc. 22 at 7).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 210 hours she worked unpaid, the total amount owed to her under the AMWA is $2,908.50 (210 x $13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring her total damages to $8,724.00 ($2,908 x 3).  The Plaintiff has established a claim under AMWA and has shown that she is entitled to a $8,725.50 damage award under the AMWA.

#### c.  __Plaintiff Reynaldo Hidaldo Diaz__

Plaintiff alleges that he worked for two weeks without pay.  (Doc. 22 at 8).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 140 hours she worked unpaid, the total amount owed to him under the AMWA is $1,939.00 (140 x

$13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring his total damages to $5,817.00 ($1,939.00 x 3).  The Plaintiff has established a claim under AMWA and has shown that he is entitled to a $5,817.00 damage award under the AMWA.

**d.  Plaintiff Lazaro Yusnier Lemus Cedeno**

Plaintiff alleges that he worked for three weeks without pay.  (Doc. 22 at 10).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 210 hours he worked unpaid, the total amount owed to him under the AMWA is $2,908.50 (210 x $13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring his total damages to $8,725.50 ($2,908.50 x 3).  The Plaintiff has established a claim under AMWA and has shown that he is entitled to a $8,725.50 damage award under the AMWA.

**e.  Plaintiff Omar Mejia**

Plaintiff alleges that he worked for two weeks without pay.  (Doc. 22 at 12).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 210 hours he worked unpaid, the total amount owed to him under the AMWA is $1,939.00 (210 x $13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring his total damages to $5,817.00 ($1,939.00 x 3).  The Plaintiff has established a claim under AMWA and has shown that he is entitled to a $5,817.00 damage award under the AMWA.

**f.  Plaintiff Gerardo Meza**

Plaintiff alleges that he worked for three weeks without pay.  (Doc. 22 at 12).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 210 hours he worked unpaid, the total amount owed to him under the AMWA is $2,908.50 (210 x $13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring his total damages to $8,725.50 ($2,908.50 x 3).  The Plaintiff has established a claim under AMWA and has shown that he is entitled to a $8,725.50 damage award under the AMWA.

### g.  **Plaintiff Walter Ulises Espinoza Rodriguez**

Plaintiff alleges that he worked for three weeks without pay.  (Doc. 22 at 14).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 180 hours he worked unpaid, the total amount owed to him under the AMWA is $2,493.00 (180 x $13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring his total damages to $7,479.00 ($2,493.00 x 3).  The Plaintiff has established a claim under AMWA and has shown that he is entitled to a $7,479.00 damage award under the AMWA.

### h.  **Plaintiff Alcides Rodriguez Rugama**

Plaintiff alleges that he worked for two weeks without pay.  (Doc. 22 at 16).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 120 hours he worked unpaid, the total amount owed to him under the AMWA is $1,622.00 (120 x $13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring his total damages to $4,986.00 ($1,622 x 3).  The Plaintiff has established a claim under AMWA and has shown that he is entitled to a $4,986.00 damage award under the AMWA.

### i.  **Plaintiff Amara Abigail Terrazas Raya**

Plaintiff alleges that she worked for three weeks without pay.  (Doc. 22 at 17).  The Arizona minimum wage in 2023 was $13.85 an hour and accounting for the 210 hours she worked unpaid, the total amount owed to her under the AMWA is $2,908.50 (210 x $13.85).  Plaintiff also presses for treble damages as authorized under statute, which would bring his total damages to $8,725.50 ($2,908.50 x 3).  The Plaintiff has established a claim under AMWA and has shown that he is entitled to a $8,725.50 damage award under the AMWA.

### C.  AWA Damages

The AWA requires that employees in Arizona receive their wages in a timely fashion.  A.R.S. § 23-351. To bring an AWA claim, a plaintiff must state that his employer failed to pay wages within a specific time.  *Frey v. Allstate L. Firm PC*, No.

CV-22-01053-PHX-DJH, 2023 WL 5590319, at *3 (D. Ariz. Aug. 29, 2023). The term "employer" is defined more narrowly under the AWA than it is under the FLSA or the AMWA. *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021).  An employer is defined as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3).  This definition does not authorize individual liability against the owners, officers, or directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages. *Rosen*, 2021 WL 2981590, at *5. Further, trebling is discretionary rather than mandatory under the AWA.  *Swanson v. Image Bank, Inc.*, 77 P.3d 439, 443 (Ariz. 2003) ("Under the plain language of the statute, the award of treble damages for the bad-faith withholding of wages is discretionary with the court."); *Crum v. Maricopa Cnty.*, 950 P.2d 171, 173 (Ariz. Ct. App. 1997). *See also Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, *4 (D. Ariz. 2021) ("The Court possesses wide discretion in determining whether to award treble damages under § 23-355.").  Under the AWA, "[t]he treble damage remedy is a punitive measure that is warranted when employers seek to delay payment without reasonable justification or to defraud employees of wages earned." *Swanson v. Image Bank, Inc.*, 43 P.3d 174, 183 (Ariz. Ct. App. 2002), *aff'd in part, vacated in part*, 77 P.3d 439 (cleaned up). "Although imposition of treble damages under § 23-355 is permissive, not mandatory, that element of discretion merely reflects that such an award may be inappropriate when a wage dispute involves a valid close question of law or fact which should properly be decided by the courts or when failure to pay wages was due to inadvertent mistake." *Id.* at 184 (cleaned up).

Here, when all reasonable inferences are resolved in Plaintiffs' favor, the declarations of the Plaintiffs indicate that the withholding of wages was done unreasonably and was not "based upon a good-faith dispute." *Patton v. Mohave Cnty.*, 741 P.2d 301, 305 (Ariz. Ct. App. 1987) (holding that an employer may withhold wages

if there is a "good-faith dispute").  Therefore, the Court concludes that trebling is appropriate.  Further, while Lux Interior and Renovation LLC is properly characterized as an employer under the relevant provision of the AWA, the individually named defendants are not.  *See* A.R.S. § 23-350(2) (resulting in a narrow definition of employer that does not apply to individuals acting in the corporation's interests). Therefore, all AWA damages apply only to Lux Interior and Renovation LLC, and not the individually named Defendants.

### a. <u>Plaintiff Ines Ruiz Rios</u>

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC.  (Doc. 1 at ¶ 46).[2]  Plaintiff alleges that her unpaid wages under the AWA are $2, 160.00. (Doc. 22 at 5–6). Her regular rate of pay was $180.00 per day and she was not paid for 12 days of work, bringing her damages claim under the AWA to $2,160.00 ($180.00 x 12). (*Id*. at 6).  The Plaintiff has established a claim under the AWA and shown she is entitled to the $2,160.00, but only against Lux Interior and Renovation LLC and not the individually named defendants. Trebling her damages, she is entitled to a total damages award of $6,480.00, against Lux Interior and Renovation LLC only.

### b. <u>Plaintiff Alba Garcia Herrera</u>

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC. (Doc. 1 at ¶ 54). Plaintiff alleges that her unpaid wages under the AWA are $2,160.00. (Doc. 22 at 7–8).  Her regular rate of pay was $120.00 per day and she was not paid for 18 days of work, bringing her damages claim under the AWA to $2,160.00 ($120 x 18). (*Id*. at 8).  The Plaintiff has established a claim under the AWA and shown she is entitled to the $2,160.00. Trebling her damages, he is entitled to a total damages award of $6,480.00, against Lux Interior and Renovation LLC only.

/ / /

---

[2] Each Plaintiff also brings an AWA claim against Katisleidys Martinez and John Doe Martinez, Julia Martinez and John Doe Martinez II.  (Doc. 1 at ¶ 46).  However, the definition of employer under the AWA, precludes liability for individual Defendants. A.R.S. § 23-350(3).  Therefore, liability under the AWA can only be found against Defendant Lux Interior and Renovation LLC.

### c. **Plaintiff Reynaldo Hidalgo Diaz**

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC. (Doc. 1 at ¶ 62).  Plaintiff alleges that his unpaid wages under the AWA are $1,800.00.  (Doc. 22 at 9).  His regular rate of pay was $150.00 per day and he was not paid for 12 days of work, bringing his damages claim under the AWA to $1,800.00 ($150 x 12).  (*Id.* at 6). The Plaintiff has established a claim under the AWA and shown he is entitled to the $1,800.00.  Trebling his damages, he is entitled to a total damages award of $5,400.00, against Lux Interior and Renovation LLC only.

### d. **Plaintiff Lazaro Yusner Lemus Cedeno**

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC.  (Doc. 1 at ¶ 70).  Plaintiff alleges that his unpaid wages under the AWA are $2,700.00. (Doc. 22 at 11).  His regular rate of pay was $150.00 per day and he was not paid for 18 days of work, bringing his damages claim under the AWA to $2,700.00 ($150 x 18). (*Id.*)  The Plaintiff has established a claim under the AWA and shown he is entitled to the $2,700.00. Trebling his damages, he is entitled to a total damages award of $8,100.00, against Lux Interior and Renovation LLC only.

### e. **Plaintiff Omar Mejia**

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC.  (Doc. 1 at ¶ 78).  Plaintiff alleges that his unpaid wages under the AWA are $2,000.00.  (Doc. 22 at 12).  His regular rate of pay was $1,000 per week and he was not paid fortwo weeks of work, bringing his damages claim under the AWA to $2,000.00 ($1,000.00 x 2).  (*Id.*) The Plaintiff has established a claim under the AWA and shown he is entitled to the $2,000.00. Trebling his damages, he is entitled to a total damages award of $6,000.00 against Lux Interior and Renovation LLC only.

### f. **Plaintiff Gerardo Meza**

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC.  (Doc. 1 at ¶ 86) Plaintiff alleges that his unpaid wages under the AWA are $2,160.00[3] (Doc. 22 at

---

[3] Plaintiff Gerardo Meza cites an incorrect figure for his AWA damages on a chart on page 14 of the default judgment, but otherwise refers to the correct figure on page 13 and

13).  His regular rate of pay was $120.00 per day and he was not paid for 18 days of work, bringing his damages claim under the AWA to $2,160.00 ($120.00 x 18).  (*Id.*) The Plaintiff has established a claim under the AWA and shown he is entitled to the $2,160.00. Trebling his damages, he is entitled to a total damages award of $6,480.00, against Lux Interior and Renovation LLC only.

### g.  Plaintiff Walter Ulises Espinoza Rodriguez

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC.  (Doc. 1 at ¶ 94).  The Defendants are properly characterized as employers under the relevant provision of the AWA.  Plaintiff alleges that his unpaid wages under the AWA are $2,700.00. (Doc. 22 at 15).  His regular rate of pay was $15 per hour, and he was not paid for180 hours of work, bringing his damages claim under the AWA to $2,700.00 ($15.00 x 180).  (*Id.*) The Plaintiff has established a claim under the AWA and shown he is entitled to the $2,700.00. Trebling his damages, he is entitled to a total damages award of $8,100.00, against Lux Interior and Renovation LLC only.

### h.  Plaintiff Alcides Rodriguez Rugama

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC.  (Doc. 1 at ¶ 102).  Plaintiff alleges that his unpaid wages under the AWA are $2,040.00. (Doc. 22 at 17). His regular rate of pay was $17.00 per hour and he was not paid for 120 hours of work, bringing his damages claim under the AWA to $2,040.00 ($17.00 x 120).  (*Id.*) The Plaintiff has established a claim under the AWA and shown he is entitled to the $2,040.00. Trebling his damages, he is entitled to a total damages award of $6,120.00,[4] against Lux Interior and Renovation LLC only.

### g.  Plaintiff Amara Abigail Terrazas Raya

Plaintiff brings an AWA claim against Lux Interior and Renovation LLC.  (Doc. 1 at ¶ 110).  Plaintiff alleges that her unpaid wages under the AWA are $2,160.00.

_____

again on page 23.
[4] Plaintiff lists the incorrect amount of damages on page 23 of the Motion for Entry of Default. (Doc. 22 at 23).  While the total treble damages listed for the AWA are correct at $6,120.00, the figure to be trebled is listed as $1,800.00 instead the correct dollar amount of $2,040.00. (*Id.* at 23).

(Doc. 22 at 18).  Her regular rate of pay was $120.00 per day and he was not paid for 18 days of work, bringing her damages claim under the AWA to $2,160.00 ($120.00 x 18). (*Id.*) The Plaintiff has established a claim under the AWA and shown she is entitled to the $2,160.00. Trebling her damages, she is entitled to a total damages award of $6,480.00, against Lux Interior and Renovation LLC only.

### D.  Total Damages Award for Each Plaintiff

Courts in the District of Arizona routinely conclude that plaintiffs bringing AWA, AMWA, and FLSA claims are "entitled only to the maximum amount of damages under either the state or federal statutes." *Xalamihua v. GGC Legacy Janitorial Servs. LLC*, 2023 WL 8891393, *6 (D. Ariz. 2023).  *Cf. Gen. Tel. Co. of the Nw. v. Equal Emp. Opportunity Comm'n*, 446 U.S. 318, 333 (1980) ("[C]ourts can and should preclude double recovery by an individual"); *see also Acosta v. Pindernation Holdings LLC*, 2023 WL 3951222, at *4–5 (D. Ariz. Mar. 1, 2023), *report and recommendation adopted*, 2023 WL 3951211 (D. Ariz. Mar. 23, 2023) (finding no basis to authorize stacked awards under the FLSA, AMWA, and AWA).

To summarize the Court's findings above, all Plaintiffs have shown that all defaulting Defendants have collectively violated the FLSA and AMWA, and Defendant Lux Interior and Renovation LLC has violated the AWA.  Keeping in mind that the larger statutory award engulfs the smaller ones, Plaintiffs ask for a total damages award of $103,612.40.  (Doc. 22 at 24). Of that amount, $101,011.40 will be awarded against all Defendants: Lux Interior and Renovation LLC, Katiesleidys Martinez and John Doe Martinez, and Julia Martinez and Jon Doe Martinez II, jointly and severally. The remaining $2,061.00 will be awarded against Defendant Lux Interior and Renovation LLC alone.  The breakdown by individual Plaintiffs is as follows:

### Plaintiff Ines Ruiz Rios

The total amount awarded of $7,869.60 under the AWA and the overtime provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be fully liable.  A.R.S. § 23-350; 29 U.S.C. § 207(a). Of that amount, all Defendants will be

1  jointly and severally liable for $7,206.60 (the larger statutory award is $5,817.00 under

2  the AMWA, plus the $1,389.60 overtime wages owed under the FLSA).

3  **Plaintiff Alba Garcia Herrera**

4  The total amount awarded of $9,972.90 under the AMWA and the overtime

5  provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be

6  fully liable.  A.R.S. § 23-363; 29 U.S.C. § 207(a).  Of that amount, all Defendants will be

7  jointly and severally liable for $9,972.90 (the larger statutory award is $8,725.50 under

8  the AMWA, plus the $1,247.40 overtime wages owed under the FLSA).

9  **Plaintiff Reynaldo Hidalgo Diaz**

10  The total amount awarded of $12,885.60 under the AMWA and the overtime

11  provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be

12  fully liable.  A.R.S. § 23-363; 29 U.S.C. § 207(a).  Of that amount, all Defendants will be

13  jointly and severally liable for $12,885.60 (the larger statutory award is $5,817.00 under

14  the AMWA, plus the $7,068.60 overtime wages owed under the FLSA).

15  **Plaintiff Lazaro Yusnier Lemus Cedeno**

16  The total amount awarded of $9,972.90 under the AMWA and the overtime

17  provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be

18  fully liable.  A.R.S. § 23-363; 29 U.S.C. § 207(a).  Of that amount, all Defendants will be

19  jointly and severally liable for $9,972.90 (the larger statutory award is $8,725.50 under

20  the AMWA, plus the $1,247.40 overtime wages owed under the FLSA).

21  **Plaintiff Omar Mejia**

22  The total amount awarded of $20,565.60 under the AWA and the overtime

23  provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be

24  fully liable.  A.R.S. § 23-350; 29 U.S.C. § 207(a).  Of that amount, all Defendants will be

25  jointly and severally liable for $20,382.60 (the larger statutory award is $5,817.00 under

26  the AMWA, plus the $14,565.00 overtime wages owed under the FLSA).

27  **Plaintiff Gerardo Meza**

28  The total amount awarded of $9,972.90 under the AMWA and the overtime

1    provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be

2    fully liable.  A.R.S. § 23-363; 29 U.S.C. § 207(a).  Of that amount, all Defendants will be

3    jointly and severally liable for $9,972.90 (the larger statutory award is $8,725.50 under

4    the AMWA, plus the $1,247.40 overtime wages owed under the FLSA).

5              **Plaintiff Walter Ulises Espinoza Rodriguez**

6              The total amount awarded of $10,500.00 under the AWA and the overtime

7    provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be

8    fully liable.  A.R.S. § 23-350; 29 U.S.C. § 207(a).  Of that amount, all Defendants will be

9    jointly and severally liable for $9,879.00 (the larger statutory award is $7,479.00 under

10   the AMWA, plus the $2,400.00 overtime wages owed under the FLSA).

11             **Plaintiff Alcides Rodriguez Rugama**

12             The total amount awarded of $11,900.00 under the AWA and the overtime

13   provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be

14   fully liable.  A.R.S. § 23-350; 29 U.S.C. § 207(a).  Of that amount, all Defendants will be

15   jointly and severally liable for $10,766.00 (the larger statutory award is $4,986.00 under

16   the AMWA, plus the $5,780.00 overtime wages owed under the FLSA).

17             **Plaintiff Amara Abigail Terrazas Raya**

18             The total amount awarded of $9,972.90 under the AMWA and the overtime

19   provisions of the FLSA, for which Defendant Lux Interior and Renovation LLC will be

20   fully liable.  A.R.S. § 23-363; 29 U.S.C. § 207(a).  Of that amount, all Defendants will be

21   jointly and severally liable for $9,972.90 (the larger statutory award is $8,725.00 under

22   the AMWA, plus the $1,247.40 overtime wages owed under the FLSA).

23   **V.    Conclusion**

24             The Court concludes that the damages requested by Plaintiffs are provided for by

25   statute and adequately supported by the calculations in their Motion for Default Judgment

26   and supporting affidavit.  Plaintiffs' calculations are also consistent with the Court's

27   finding that all Defaulting Defendants can be held joint and severally liable under the

28   FLSA and AMWA, but only Defendant Lux Interior and Renovation LLC can be held

liable under the AWA.  *See supra* Section IV.C.  So, the Court will grant Plaintiffs' requested damages in the amount of $101,612.40 against all Defendants jointly and severally and an additional $2,601.00 against Defendant Lux Interior and Renovation LLC only.  The Court will also award post-judgment interest and allow Plaintiff to seek an award of attorneys' fees in accordance with Local Rule of Civil Procedure 54.2.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Entry of Default Judgment (Doc. 22) is **GRANTED.**  The Clerk of Court is kindly directed to enter judgment as follows: judgment in favor of Plaintiffs in the amount of $2,601.00 against Defendant Lux Interior and Renovation LLC; and judgment in favor of Plaintiffs in the amount of $103,612.40 against all five Defendants Lux Interior and Renovation LLC, Katisleidys Martinez, and John Doe Martinez, Julia Martinez, and John Doe Martinez II, jointly and severally as set forth in this Order. These amounts shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** that that Plaintiffs may file a motion for costs and attorneys' fees in accordance with Local Rule of Civil Procedure 54.2 within fourteen days of the entry of this Order.

**IT IS FINALLY ORDERED** that this case shall be closed.

Dated this 20th day of March, 2025.

Honorable Diane J. Humetewa
United States District Judge