**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Ines Ruiz Rios, et al.,

        Plaintiffs,

v.

Lux Interior and Renovation LLC, et al.,

        Defendants.

No. CV-23-01686-PHX-DJH

**ORDER**

Before the Court is Ines Ruiz Rios, Alba Garcia Herrera, Reynaldo Hidalgo Diaz, Lazaro Yunsier Lemus Cedeno, Omar Mejia, Walter Rodirguez, Gerardo Meza, Alcides Rodriguez Rugama, and Amara Abigail Terrazas Raya (collectively "Plaintiffs") Motion for Award of Attorney Fees and Costs ("Motion") (Doc. 25). Lux Interior and Renovation LLC, Katisleidys Martinez, John Doe Martinez, Julia Martinez, and John Doe Martinez II ("Defendants") have not filed a response. For the reasons set forth below, the Court will grant the Motion.

## I. Background

In the case at hand, Plaintiffs alleged that Lux Interior and Renovation and individual Defendants failed to pay them under the Fair Labor Standards Act ("FLSA"), the Arizona Minimum Wage Act ("AMWA"), and the Arizona Wage Act ("AWA"). (Doc. 1). When Defendants failed to respond to the Complaint, the Clerk of Court entered default judgment against all Defendants on November 7, 2023. (Doc. 15). Thereafter, Plaintiffs filed a Motion for Entry of Default Judgment with the Court that the

Court granted.  (Docs. 22–24).  The Court also granted Plaintiffs $2,601.00 in damages against Defendant Lux Interior and Renovation LLC and $103,612.40 against all Defendants. (Doc. 23 at 22).  Now, Plaintiffs seek their reasonable attorneys' fees and costs.  (Doc. 25). Since Defendants have not responded, the Court can deem their failure to respond as consent to granting Plaintiff's Motion.  Still, the Court will independently review the Motion under Federal Rule of Civil Procedure 55(b)(2) and for compliance with Local Rule 54.2.

**II.  Analysis**

Under Local Rule 54.1, a party seeking attorneys' fees must show both that the party is eligible for and entitled to an award and that the request is reasonable.  LR Civ 54.2(c).

**A.  Eligibility and Entitlement**

Whether a party is eligible for an award of attorney fees turns on which applicable statutory, contractual, or legal authority the party seeks an award under.  *See* LRCiv 54.2(c)(1)–(2).  Here, Plaintiffs are eligible for and entitled to an award under the FLSA and the AMWA. The FLSA states: "[t]he Court in such action shall, in additional to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and cost of the action." 29 U.S.C. § 216(b).  And the AMWA says: "[a] prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). To be a prevailing party, Plaintiffs only need to receive at least some relief on the merits of their claim.  *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). By having default judgment entered in their favor, Plaintiffs are the prevailing party and are eligible for and entitled to their reasonable attorneys fees.

**B.  Reasonableness**

Under the reasonableness inquiry, the Court relies on the lodestar method. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). Two steps make up this approach. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). "First, the court establishes a lodestar by multiplying the number of hours

reasonably expended on the litigation by a reasonable hourly rate," excluding from the requested amount "any hours that are excessive, redundant, or otherwise unnecessary." *Id.* (internal citation omitted). Then, in rare cases, "the district court may adjust the lodestar upward or downward using a multiplier based on facts not subsumed in the initial lodestar calculation." *Id.* (internal citation omitted).  Also, the reasonable hourly rate is assessed by "the prevailing market rate in the relevant community." *Id.* To obtain an award of attorneys' fees and costs, the prevailing party must file a motion for fees and submit evidence in support of the proposed award. *Machowski v. 333 N. Placentia Prop.*, LLC, 38 F.4th 837, 841 (9th Cir. 2022). In determining the reasonably hourly rate, the Court is not guided by the hours charged by the prevailing party's attorney but is rather "guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).

The number of hours considered in the Lodestar calculus is not limited to those hours expended up to a favorable judgment. Rather, "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985). This includes FLSA actions. *See Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019) ("Indeed, courts within the Ninth Circuit have awarded attorneys' fees to prevailing plaintiffs in FLSA actions for the costs incurred in preparing their motions for attorneys' fees.").

When appropriate, the Court can also judge the reasonableness of the lodestar figure based on the factors listed in *Kerr v. Screen Extras Guild, Inc. See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). Stated precisely, the *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances,

- 3 -

(8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).[1]

### III.   Application of the *Kerr* factors to determine reasonableness

Here, Plaintiffs' counsel was hired on a contingency fee basis. (Doc. 25 at 4, Ex. A, Representation Agreement).  His contingency fee, according to his agreement with Plaintiffs is 40% of the total recovery.  (Ex. A, Representation Agreement).  Plaintiffs' counsel is requesting an hourly rate of $445.00. (Doc. 25 at 4).  In total, he states that he worked 29.3 hours.  (*Id.* at 6). At the requested hourly rate, this equals $13,038.50.  (*Id.*) He also requests an additional $986.20 for out-of-pocket costs, bringing the running total to $14,024.70.  (*Id.*)  On top of that, he also seeks costs related to future collection efforts and estimates that he will incur an additional $30,409.52 in collection costs.  (*Id.*)  His running total of requested attorneys' fees then comes out to $44,434.23.  (*Id.*)

As far as Plaintiffs' counsel's hourly rate is concerned, it is presumptively reasonable. *See Ubinger v. Urb. Housekeeping LLC*, 2024 WL 3045303, at *3 (D. Ariz. June 18, 2024) (finding that 24.2 hours worked at $445, for a total of $10,769.00 was presumptively reasonable).  However, the Court must now also assess the *Kerr* factors as applied to Plaintiffs' counsel's request. The Court will also address the request for out-of-pocket costs and presumptive collection efforts.

#### 1. <u>Time and Labor</u>

Plaintiffs represent that their counsel spent 29.3 hours on this case. (Doc. 25 at 7). While the Court takes no issue with the tenth of an hour increment to bill time used by counsel, the Court will excise time entries that are administrative or clerical tasks. *See Avila v. JBL Cleaning LLC*, 2025 WL 755421, at *2 (D. Ariz. Mar. 10, 2025) (excising

---

[1] Local Rule 54.2(c) adds an additional factor to the list, namely, "Any other matters deemed appropriate under the circumstances." LRCiv. 54.2(c)(3)(M).

- 4 -

time for activities delineated as clerical or administrative from counsel's total hours worked). The following entries fall under the umbrella of clerical or administrative and will therefore be subtracted from counsel's total hours eligible for attorney fees:

- Finalize, file complaint (0.2 hours)
- Review Order re service (0.1 hours)
- Compile documents, send to process server (0.3 hours)
- Communicate with process server re service efforts (0.1 hours)
- Email thread with process server re Defendants' whereabouts (0.1 hours, no date provided)
- Email thread with process server re Defendants' whereabouts (0.2 hours, 8/23/23)
- Email thread with process server re Defendants' whereabouts (0.2 hours, 8/26/23)
- Email thread with process server re Defendants' whereabouts (0.1 hours, 8/29/23)
- Email thread with process server re Defendants' whereabouts (0.1 hours, 9/8/23)
- Email thread with process server re Defendants' whereabouts (0.3 hours, 9/11/23)
- Email thread with process server re Defendants' whereabouts (0.1 hours, 9/19/23)
- Finalize, file motion for alternative service (0.1 hours)
- Send motion to chambers (0.1 hours)
- Send Order to process server (0.1 hours)
- Email from process server re service executed (0.2 hours)
- Review proofs of service (0.1 hours)
- File service executed (0.1 hours)
- Review Order setting CM (0.1 hours)
- Finalize, file Application for Entry of Default (0.1 hours)
- Review Clerk's Entry of Default (0.1 hours)

- Review Order re no default judgment motion (0.1 hours)
- Send Status Report & Request to Chambers (0.1 hours)
- Review Order granting request for extension (0.1 hours)
- File motion to exceed page limit (0.1 hours)
- Lodge Motion for Default Judgment (0.1 hours)
- Review Order granting motion to exceed page limit (0.1 hours)
- Review filed Motion for default judgment (0.1 hours)
- Email Motion to Chambers and to Defendants (0.1 hours)
- Finalize, file motion for attorneys fees & costs (0.1 hours)

(*See* Doc. 25-4 at 2 – 4, Ex. D, Itemization of Time).  The Court will excise these entries from total hours billed as clerical or administrative tasks no eligible for an attorney fees award. With this, the total hours incurred for Plaintiff's counsel's work, minus the clerical and administrative tasks listed above is 25.6 (29.3 minus 3.7).

### 2.  **Novelty and Difficulty of Questions Involved**

Because this action resulted in default judgment, there were few—if any—novel or challenging questions involved.  Plaintiff's counsel concedes as much: "The legal issues presented by Plaintiffs were not novel in this jurisdiction."  (Doc. 25 at 7). This factor is therefore neutral and does not result in a modification of the amount awarded. *See Ubinger*, 2024 WL 3045303, at *3 ("This case involved a straightforward claim that comes reasonably often before this Court. This factor is neutral.") (cleaned up).

### 3.  **Skill Requisite to Perform the Legal Service Properly**

The Court finds that it takes a moderate amount of skill to litigate FLSA cases. *Verduzco v. Value Dental Ctrs. Mesa W. AZ LLC*, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022). Despite Plaintiffs' assertion otherwise that this case presented "sophisticated" and "extensive knowledge of the law," the Court is unpersuaded.  The skill level required to litigate an FLSA case is moderate.

### 4. **Preclusion of Other Employment**

The Court finds that Plaintiffs' counsel was not significantly precluded from other work. Plaintiffs' counsel also agrees because he stated that he was not "significantly precluded from other work because of this representation." (Doc. 25 at 8).

### 5. **Customary Fees**

The Court also finds that Plaintiffs' counsel's hourly rate is reasonable. Plaintiffs' counsel asserts that $445 an hour is a reasonable fee. (*Id.* at 5).  Recognizing Arizona District Court precedent, the Court agrees. *See, e.g.*, *Romero*, 2025 WL 509259, at *3 ("Counsel asserts that his hourly rate of $445.00 is reasonable[.] The Court agrees.") (citing *Romero v. Steel Roots LLC*, 2024 WL 2389353, at *2 (D. Ariz. May 23, 2024) ("The Court finds the prevailing rates for FLSA cases in the District of Arizona and Mr. Bendau's experience support the requested hourly rate. The Court finds the $445 hourly rate reasonable.")).

### 6. **Whether the Fee is Fixed or Contingent**

Plaintiffs note that the representation agreement between them and their counsel was on a contingency fee basis.  (Doc. 25 at 8–9). Additionally, Plaintiffs assert that because this was a contingency fee agreement, the Court may increase counsel's hourly rate.  (*Id.* at 9). "The Court acknowledges that agreeing to a contingency fee basis of representation supports the potential for a larger award of attorneys' fees." *Lemus v. Blackrock CM Inc.*, No. CV-24-02561-PHX-JAT, 2025 WL 460548, at *3 (D. Ariz. Feb. 11, 2025) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

### 7. **Time Limitation Imposed**

Plaintiffs state that "There was no time limitation imposed by either the client or the circumstances." (Doc. 25 at 10). This factor is therefore accorded minimal weight in the reasonableness inquiry. *See Lemus*, 2025 WL 460548, at *3.

### 8. **The Amount Involved and Results Obtained**

The Court agrees with Plaintiffs that their counsel has achieved excellent results in this case and that the amount in controversy was significant.  (Doc. 25 at 10–11). "Where

a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). This factor, and the results received, "weighs in favor of awarding the full lodestar amount." *Ubinger*, 2024 WL 3045303, at *3.

### 9. Experience, Reputation, and Ability of the Attorney

The Court agrees with Plaintiffs' assertion that their counsel is an experienced attorney in FLSA suits. (Doc. 25 at 11). Plaintiffs' counsel is a regular in FLSA cases before the Court.

### 10. The Undesirability of the Case

While the Court may agree with Plaintiffs that this case was undesirable to take on, that does not result in an adjustment to the lodestar amount. (Doc. 25 at 12); *see also Ubinger*, 2024 WL 3045303, at *3.

### 11. Nature and Length of the Professional Relationship with the Client

Plaintiffs note that this is the only instance counsel has represented them. (*See* Doc. 25 at 12.) This factor is accordingly neutral. *See, e.g.*, *Ubinger*, 2024 WL 3045303, at *3 ("Mr. Bendau has never represented Plaintiff before this case. This factor is neutral.").

### 12. Awards in Similar Cases

Plaintiff asserts that the amount of attorneys' fees requested is reasonable. Considering this District of Arizona's precedent, the Court agrees. *See Ubinger*, 2024 WL 3045303, at *4 (granting $10,769.00 in attorneys' fees); *see also Delgado v. Fast Wireless LLC*, 2025 WL 40761, at *4 (D. Ariz. Jan. 7, 2025) (granting $8,588.50 in attorneys fees').

## IV.    Conclusion on the *Kerr* Reasonableness Factors

Based on the above analysis, the Court finds that Plaintiffs' requested attorneys fees are reasonable, with modification. Therefore, the Court will award attorney fees in the amount of $11,392.00 (25.6 hours X $445.00).

/ / /

## V.   Out-of-Pocket costs

Plaintiffs seek $986.20 in out-of-pocket costs. (Doc. 25 at 13). This includes $402.00 in a Complaint filing fee, $336.65 in fees for a service invoice, and $247.55 in fees for an alternative service invoice. (Doc. 25-4 at 4, Ex. D, Itemization of Out-of-Pocket costs). The Court will award these amounts to Plaintiff's counsel.  These amounts are taxable costs, and accordingly, Plaintiff must comply with LRCiv. 54.1 to receive them. *See* LRCiv. 54.1(a), (e)(1).

## VI.   Prospective Collection Costs

Plaintiffs also request an additional $44,434.23 in anticipated costs and fees. (Doc. 25 at 14). This includes a $850.00 retainer, plus 25% of the recovery for collections efforts, which is estimated to amount to $44,434.23. (*Id.* at 16.) In support of this request, Plaintiff files an exhibit containing counsel's Client Representation Agreement regarding collections matters and a photocopy of a check paying the $850 retainer. (Doc. 25-9 at 1–3) (Ex. I, Check for Retainer and Collection Efforts Agreement).

The Court will not award Plaintiffs' counsel for prospective collection efforts. While the Court understands that these fees are necessary to recover from Defendants, it does not agree that a $7,878.14 award is warranted at this time. While Plaintiff attaches a few cases out of the District of Arizona stating that such speculative costs are recoverable (*see generally* Doc. 25 at 14) those decisions appear to run afoul of the majority of this District's prior decisions. *See Romero*, 2025 WL 509259, at *5 ("The Court finds this request speculative because anticipated collection costs simply are not ripe for award."); *see also Steel Roots LLC*, 2024 WL 2389353, at *4 ("The Court recognizes Plaintiff may well need to pay the $650 retainer and 25% of the recovery for collection efforts, but these fees and costs are not ripe to recover before Plaintiff incurs them."); *Lemus*, 2025 WL 460548, at *4 ("Plaintiff seeks $3,201.06 in anticipated collection expenses[.] Plaintiff concedes that the District of Arizona frequently denies such requests[.] In fact, this Court has specifically denied such requests."); *Ubinger*, 2024 WL 3045303, at *4 ("But costs that Plaintiff has not yet incurred, and may never incur, still qualify as

'speculative.' ").

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Attorneys' Fees (Doc. 25) is **granted in part and denied in part**. Plaintiff's counsel will be the awarded attorneys fees in the amount of $11,392.00 (for 25.6 hours) and $986.20 in out-of-pocket costs.

Dated this 23rd day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 10 -